IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| David E. Taylor, | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:18-cv-360 DB |
| CSB Nutrition, | District Judge Dee Benson |
| Defendant. | Magistrate Judge Brooke Wells |

On May 7, 2018, the court granted Mr. Taylor's request to proceed *in forma pauperis*.[1] Plaintiff now seeks the appointment of counsel.[2] A party in a civil action has no constitutional right to appointment of counsel.[3] After reviewing Plaintiff's motion and the allegations in the case, the court will deny the motion.

Plaintiff brings a Title VII case alleging harassment and discrimination based on his race. A litigant asserting employment discrimination claims has no constitutional right or statutory right to appointed counsel.[4] "Title VII of the Civil Rights Act of 1964, however, provides that the district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action."[5] The Tenth Circuit has identified four factors to consider when determining whether to appoint counsel in a Title VII case. "Before counsel may be appointed, a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2)

---

[1] ECF No. 2.

[2] ECF No. 4.

[3] *See Durre v. Dempsey*, 869 F.2d 543, 547, 1989 WL 16317 (10th Cir. 1989); *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969) ("We have often said, and it seems to be universally agreed, that no one has a constitutional right to assistance of counsel in the prosecution or defense of a civil action.").

[4] *See Poindexter v. FBI*, 737 F.2d 1173, 1179 (D.C.Cir. 1984).

[5] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (noting factors that are relevant in determining whether to appoint counsel for a civil litigant in a Title VII action).

diligence in attempting to secure counsel and (3) meritorious allegations of discrimination."[6] A fourth factor, the plaintiff's capacity to present the case without counsel, is to be considered in close cases.[7] Notwithstanding Congress's "special … concern with legal representation in Title VII actions"[8] Plaintiff here has failed to make the required affirmative showings. For example, there is no record of Plaintiff attempting to secure counsel and even if those attempts had been made, it appears Plaintiff has the capacity to present the case adequately without counsel.

Accordingly, Plaintiff's Motion for Appointment of Counsel is DENIED.

DATED this 21 May 2018.

Brooke C. Wells
United States Magistrate Judge

---

[6] *Id.*

[7] *See id.*

[8] *Jenkins v. Chem. Bank*, 721 F.2d 876, 879 (2nd Cir. 1983).