IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID TAYLOR,<br><br>      Plaintiff,<br>v.<br><br>CSB NUTRITION CORP.,<br><br>      Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:18-cv-360 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

  This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B).[1] Pending before the court are two motions. Defendant CSB Nutrition Corp. (CSB) seeks to dismiss Plaintiff David Taylor's Complaint.[2] Mr. Taylor, moves the court to file two CDs conventionally.[3] These CDs allegedly support Mr. Taylor's case. The undersigned finds CSB's arguments well taken. Contrary to the apparent belief of Mr. Taylor, his case does not have *de novo* status by simply filing in Federal Court. Therefore, the undersigned recommends that this matter be dismissed.

**BACKGROUND**

  Plaintiff brings this suit in accordance with Title VII of the Civil Rights Act of 1964 for employment discrimination. Mr. Taylor was employed by Defendant CSB Nutrition Corp. (CSB) and worked the night shift where the "employees were all Hispanic."[4] After some difficulties with other employees, including being "segregated by them" not being "given a pass for access

---

[1] ECF No. 5.

[2] ECF No. 8.

[3] ECF No. 12.

[4] Complaint p. 5.

to the building" for breaks, suffering disparaging remarks including that he "couldn't count" and having coworkers complain about his job performance, Mr. Taylor had a meeting with upper management and human resources to discuss his concerns.[5] This meeting "got heated" and Mr. Taylor was sent home. Afterward Plaintiff sought a meeting with a different manager but was denied. Eventually Mr. Taylor was let go due to "self quit."

Mr. Taylor brings two counts in his Complaint. The first count alleges harassment and discrimination based on race. The second count alleges discrimination and harassment. The court construes Mr. Taylor's liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers"[6] because he is proceeding *pro se*. Defendant CSB moves to dismiss both these counts with prejudice under Federal Rules 12(b)(1), 12(b)(6) and under the doctrines of res judicata and collateral estoppel. Attached to Defendant's Motion are pleadings and documents of public record. The court takes judicial notice of these materials.[7] These include a decision from the Utah Division of Workforce Services denying Mr. Taylor's claim for unemployment compensation;[8] an Administrative Law Judge decision in which it was found Mr. Taylor voluntarily quit CSB without good cause;[9] a decision from the Workforce Services

---

[5] *Id.* at p. 5-6.

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[7] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310, 127 S. Ct. 2499, 2502, 168 L. Ed. 2d 179, 75 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions"); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) ("We take judicial notice of the pleadings and other documents of public record filed in the Ninth Circuit and the Central District of California in *Stan Lee Media v. Lee*.") (*citing* Fed.R.Evid. 201(b)(2) (explaining that the court can take judicial notice of a fact "that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."); *Estate of McMorris v. C.I.R.*, 243 F.3d 1254, 1258 n. 8 (10th Cir. 2001) (explaining that we can take judicial notice of documents and docket materials filed in other courts).

[8] Ex. A.

[9] Ex. B.

Appeals Board upholding the ALJ's decision;[10] a charge of discrimination filed with the Equal Employment Opportunity Commission;[11] and a decision form the Utah Labor Commission, Occupational Safety and Health Division, rejecting Mr. Taylor's retaliation claim.[12]

Following the end of his employment with CSB, Mr. Taylor sought review with the Utah Division of Workforce Services. His request for unemployment benefits was denied. Mr. Taylor's matter was then reviewed by an ALJ, who once again rejected Mr. Taylor's claims. Plaintiff then appealed the ALJ's decision and the Workforce Appeals Board reviewed Plaintiff's case and the evidence. The Appeals Board affirmed the ALJ's decision. Mr. Taylor did not appeal the Appeals Board's decision with the Utah Court of Appeals making the decision that Mr. Taylor voluntarily quit CSB without good cause final.[13]

## DISCUSSION

Defendant seeks to dismiss Count I of Plaintiff's Complaint under Rule 12(b)(1), for a lack of subject matter jurisdiction, because Mr. Taylor failed to raise claims of discrimination based on race in his charge of discrimination. Thus he failed to exhaust his administrative remedies. In opposition, Mr. Taylor does not refute this argument or provide any countervailing case law in support of his case.

It is well settled in the Tenth Circuit that the "filing of a timely charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit."[14] Even construing

---

[10] Ex. C.

[11] Ex. D.

[12] Ex. E.

[13] *See* Utah Code §§ 35A-4-508 (setting forth that a decision of the Workforce Appeals Board is subject to judicial review if an appeal is filed within 30 days, otherwise it becomes final and "is conclusive for all the purposes … between the division, the claimant, and all employing units that had notice of the determination, redetermination, or decision.").

[14] *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974)).

the EEOC complaint liberally,[15] there is no support for Mr. Taylor's racial discrimination claim and more than 300 days have passed since his November 2016 termination. Further, there are no applicable exceptions to save Mr. Taylor's complaint of racial discrimination from these jurisdictional prerequisites. Therefore, CSB's motion should be granted as to Count I.

Count II in Plaintiff's Complaint also suffers from fatal flaws. These include unsupported claims of disability discrimination and the particularly troubling fact that Plaintiff's assertions have already been adversely adjudicated against him. In short, Mr. Taylor has failed to establish a prima facie case of disability,[16] and a review of the decisions of other adjudicative bodies leads the court to find that Mr. Taylor is simply rehashing old arguments in a new forum. Such a Sisyphean approach to litigation does not work.

Finally, Plaintiff's remaining motion should be denied or deemed moot as it lacks merit and would have no impact upon the disposition of this case.[17]

## RECOMMENDATION

The undersigned recommends that Defendant's Motion to Dismiss be GRANTED and this case be dismissed. The remaining motion should be DENIED or DEEMED MOOT.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[18] The parties must file any objection to this Report and

---

[15] *See id.*

[16] *See Justice v. Crown Cork & Seal Co., Inc.*, 527 F.3d 1080, 1086 (10th Cir. 2008) ("A prima facie case of ADA discrimination consists of three elements: the plaintiff (1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability.").

[17] ECF No. 12.

[18] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Recommendation within fourteen (14) days of service thereof.[19] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 7 January 2019.

Brooke C. Wells
United States Magistrate Judge

---

[19] *Id.*