# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID TAYLOR,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CSB NUTRITION CORP.,<br><br>　　　　　　　Defendant. | **ORDER**<br><br><br>Case No. 2:18-cv-360<br><br>District Judge Dee Benson |

　　　　Before the court is the Report and Recommendation issued by the Magistrate Judge on January 7, 2019, in which the Judge recommended that the court grant Defendant's Motion to Dismiss. (Dkt. No. 12.) The parties were notified of their right to file objections to the Report and Recommendation within 14 days of service pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. As of the date of this Order, no objection has been filed to the Report and Recommendation.

　　　　De novo review of all materials, including the record that was before the magistrate judge and the reasoning set forth in the Report and Recommendation has been completed. The undersigned agrees with the Magistrate Judge that this case should be dismissed.

　　　　Although the Tenth Circuit has recently overruled its precedent and held that the filing of a charge with the appropriate agency is not a jurisdictional prerequisite to suit, *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018), a defendant may properly raise the affirmative defense that Plaintiff has failed to exhaust his administrative remedies. Here, Defendant's motion to dismiss for failure to exhaust administrative remedies with respect to Plaintiff's race discrimination and harassment claims are well taken, as Plaintiff failed to raise race

discrimination or harassment (either by checking the appropriate box or alleging related facts) in his agency charge. Accordingly, that claim is properly dismissed for failure to exhaust administrative remedies.

Plaintiff's second claim for discrimination or harassment, even when construed liberally, alleged insufficient facts to establish a plausible claim for relief. Plaintiff complained of criticism at work related to his ability to count, concerns of job safety, and heated interactions related to job performance. Plaintiff also mentioned a request for support with his anxiety during a work meeting, but provided no further details about the condition, request, or his need for an accommodation. These allegations fail to satisfy the requirement that a complaint must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the Report and Recommendation that Plaintiff's claim be dismissed is adopted on that ground.

It is hereby ORDERED that the Report and Recommendation (Dkt. No. 15) is ADOPTED, Defendant's Motion to Dismiss (Dkt. No. 8) is GRANTED, and this action is DISMISSED with prejudice. Plaintiff's motion to file conventionally (Dkt. No. 12) is hereby deemed to be MOOT.

DATED this 14th day of January, 2019.

BY THE COURT:

Dee Benson
United States District Judge

2